UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LYNETTE SANCHEZ, individually and as Guardian ad litem for JOHN DOE, a minor,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada, et al.,<br><br>　　　　Defendants. | Case No. 3:08-cv-00483-LRH-GWF<br><br>**STIPULATION FOR ENTRY OF AN ORDER PERMITTING DEFENDANT WASHOE COUNTY SCHOOL DISTRICT TO RELEASE RECORDS OF NON-PARTY STUDENT TO COUNSEL FOR PLAINTIFFS; ORDER FOR RELEASE OF RECORDS**<br><br>[LR 7-1; LR 6-2; 34 C.F.R. Part 99.31(a)(9)] |

The parties to this action, by and through their undersigned counsel of record, hereby stipulate as follows for the entry of an order permitting the Defendant Washoe County School District (the "District") to disclose copies of the education records of Javier Eduardo Torres-Barron to counsel for Plaintiffs:

/ / /

/ / /

1.      As part of the pretrial discovery in this action, Plaintiffs' counsel has requested the education records of a non-party minor, Javier Eduardo Torres-Barron, that are in the possession of the District.

2.      Although Javier Eduardo Torres-Barron is not a named party to the Amended Complaint in this action, Plaintiffs have alleged that Javier Eduardo Torres-Barron committed certain wrongful acts against the minor Plaintiff John Doe.

3.      Any release of the education records of Javier Eduardo Torres-Barron by the District are subject to various strictures contained in the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g, et seq. ("FERPA") and the corresponding regulations found in 34 C.F.R. part 99, as amended from time to time.

4.      Pursuant to 34 C.F.R. §99.31(a)(9)(i), education records covered by FERPA may be disclosed to comply with a judicial order or lawfully issued subpoena.

5.      In addition, various courts have opined that by its plain terms, FERPA does not create an evidentiary privilege to discovery in the context of civil actions, and that FERPA does not prevent discovery of relevant school records under the Federal Rules of Civil Procedure. *E.g.*, <u>Nichols v. Univ. of So. Miss.</u>, 2009 WL 1565749, *1 (S.D. Miss. 2009) (other citations omitted).

6.      34 C.F.R. §99.31(a)(9)(ii) provides, in pertinent part, as follows:

> (ii) The educational agency or institution may disclose information under paragraph (a)(9)(i) of this section only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action...

7.      On July 31, 2009, in accord with 34 C.F.R. §99.31(a)(9)(ii), the District's counsel sent a letter to Rita Barron, the mother of Javier Eduardo Torres-Barron, at their address, 2252 Helga Court in Sparks, informing them that in connection with Plaintiffs' lawsuit, the Plaintiffs had

requested copies of, *inter alia*, the education records of Javier Eduardo Torres-Barron, and that under the law cited in the letter, they were being provided with 15 days' advance notice of the possible disclosure of said records, and would have the opportunity to object or seek a protective order from the Court.

8. On August 4, 2009, the letter that defense counsel sent to the mother of Javier Eduardo Torres-Barron was returned to defense counsel by the Post Office, because the addressees have moved and left no forwarding address. Copies of defense counsel's letter and the envelope are attached hereto as Exhibit "1."

9. Defense counsel contacted personnel at the District, who learned, after various inquiries were made, that Javier Eduardo Torres Barron did not enroll in any school within the District during the last school year (2008-2009), that he is not currently enrolled in any District school for the current school year (2009-2010), that the last District school attended by Javier Eduardo Torres-Barron for the 2007-2008 year, Sparks High School, only had the address already on file, *i.e.*, 2252 Helga Court in Sparks, Nevada, and that no school district has requested a copy of his school records, which normally occurs when a student locates outside the District and re-enrolls in another school.

10. Defense counsel also conducted various electronic/online searches (i.e., "Google" and the like) in an attempt to find a forwarding or current address, location, or contact information for Javier Eduardo Torres-Barron or his mother, but the searches were unsuccessful.

11. The parties stipulate and agree that reasonable efforts were made to contact Javier Eduardo Torres-Barron to inform his mother and him of the pending disclosure of education records in the possession of the District, in connection with the discovery process in this action.

12. Based on the foregoing facts and law, the parties jointly request that this Court issue an Order permitting the District to disclose/release copies of the education records in its possession regarding Javier Eduardo Torres-Barron to counsel for Plaintiffs, and that the Order issued hereby shall constitute the "judicial order" contemplated by 34 C.F.R. §99.31(a)(9)(i).

DATED this 23rd day of September, 2009.

MAUPIN, COX & LeGOY

By: /s/ Debra O. Waggoner
C. Robert Cox, Esq.
Debra O. Waggoner, Esq.
Attorneys for Defendants

ERICKSON, THORPE & SWAINSTON

By: /s/ Thomas P. Beko
Thomas P. Beko, Esq., Bar #2653
P. O. Box 3559
Reno, NV 89505
(775) 786-3930
Attorneys for Plaintiffs

IT IS SO ORDERED:

/s/ Larry R. Hicks

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

DATED: September 28, 2009

4.

# EXHIBIT 1

# EXHIBIT 1

## MAUPIN, COX & LeGOY
### Attorneys At Law
4785 Caughlin Parkway
Reno, Nevada 89519

Telephone
(775) 827-2000

C. Robert Cox, Esq.
e-mail: crcox@mclrenolaw.com

P. O. Box 30000
Reno, Nevada 89520
www.mclrenolaw.com

Facsimile
(775) 827-2185

Debra O. Waggoner, Esq.
e-mail: dwaggoner@mclrenolaw.com

Ernest J. Maupin
C. Robert Cox
L. Robert LeGoy, Jr.
Michael E. Malloy
W. Douglass Maupin
G. Barton Mowry
Kim G. Rowe
Procter J. Hug
Donald A. Lattin
Paul J. Anderson
Gustave J. Rossi
Kurt O. Hunsberger
Christopher D. Jaime
Rick R. Hsu
Michaelle D. Rafferty
Debra O. Waggoner
Brian C. McQuaid
Carolyn K. Renner
Melissa Dooley Johnson
Aaron Bart Fricke

Jon J. Key
Fred L. Oats
Robert A. Winkel
Of Counsel

July 31, 2009

Rita Barron
2252 Helga Ct.
Sparks, NV 89431

Re: Sanchez v. Washoe County School District, Nancy Berdrow, Susan Nunes, et al.
Case No. Case No. 3:08-cv-00483-LRH-GWF in the United States District Court for the District of Nevada

Dear Ms. Barron:

This law firm represents the Washoe County School District ("WCSD") and the individually-named defendants in the above-referenced lawsuit who are or were WCSD employees. The WCSD and the individual defendants are being sued by Lynette Sanchez, and her minor son ("John Doe"), for alleged assault(s) against John Doe in or about December, 2006 and/or January, 2007.

In connection with the lawsuit, you are receiving this letter because you and/or your child Javier Eduardo Torres Barron have been identified by John Doe's lawyers or by witnesses as a person who may have knowledge of various incidents or events which John Doe alleges are relevant to his lawsuit, or which may be relevant to the defense of the lawsuit. John Doe's lawyers have, through appropriate legal procedures, requested that the WCSD produce its records, such as they may be, pertaining to the alleged incidents or events. The records requested include the WCSD's records of Javier Eduardo Torres Barron. However, under federal law, particularly the Family Educational Records Privacy Act ("FERPA"), found at 20 U.S. Code §1232g, and the regulations found at 34 C.F.R. §99.31, such education records may be protected from disclosure under certain circumstances.

Under the law, you are permitted to have notice that education records pertaining to you and/or your child may be disclosed in advance of such disclosure, so that you may object, if you wish to do so, or seek protective action by the court.

**MAUPIN, COX & LeGOY**

Rita Barron
July 31, 2009
Page 2

Therefore, please be advised that the requested education records of Javier Eduardo Torres Barron will be disclosed and provided to the Plaintiffs' (John Doe's) lawyers by the WCSD on or about fifteen (15) calendar days from the date of this letter, unless you first object to such disclosure and production on or before the expiration of the 15 calendar days. You are encouraged to seek legal counsel to advise you concerning this matter if you have any questions, or if you do not want these records to be disclosed to John Doe's lawyers. <u>If you decide to object to their disclosure, you must so advise us, in writing addressed to the undersigned, within the fifteen (15) calendar days of the date of this letter, or you may wish to seek protection directly from the court.</u> If you do not object or otherwise seek protective action, copies of the requested records will be disclosed and produced to John Doe's lawyers.

Please do not hesitate to call Bob Cox or Debra Waggoner at 827-2000 if you have any questions regarding this letter as it pertains to the underlying lawsuit.

Sincerely yours,

MAUPIN, COX & LeGOY

C. Robert Cox

Debra O. Waggoner

CRC/DOW/fs
cc: WCSD



Rita Barron
2252 Helga Ct.
Sparks, NV 89431

BARRON
MOVED LEFT NO ADDRESS
UNABLE TO FORWARD
RETURN TO SENDER

MAUPIN, COX & LeGOY
Attorneys At Law
P. O. Box 30000
Reno, Nevada 89520

RECEIVED

AUG 0 4 2009

MAUPIN, COX & LeGOY